WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Jose Luis Lopez-Perez,  )
        Petitioner,  )  CR 08-888 TUC-DCB
v.  )  CV 11-669 TUC-DCB
          )
United States of America,  )
        Respondent.  )  **ORDER**
          )
_____)

      Pending before this Court is Petitioner's "Motion to Vacate Sentence or Correct Sentence," pursuant to 28 U.S.C. § 2255. (Petition.) The Court denies the motion and dismisses this action.

      The Petitioner argues that his sentence is unconstitutional for the following reasons: (1) his plea was unlawfully induced, involuntary, or without understanding of the nature of the charge and consequences of the plea because he believed he was only pleading guilty to a Level 8 offense and not the 16-level enhancement; (2) his plea of guilty violated his privilege against self-incrimination; (3) the prosecution unconstitutionally failed to disclose evidence favorable to the defense; (4) use of his prior offense to enhance his offense level violated the prohibition against double jeopardy; (5) his confession was coerced; (6) ineffective assistance of counsel; (7) violation of his human rights; and (8) violations of the Fifth, Sixth, and Eighth Amendments because his prior conviction does not constitute a drug trafficking offense or aggravated felony and because 8 U.S.C. § 1326 is partial and discriminatory.

**A.     Conviction and Sentence**

Petitioner pleaded guilty on March 11, 2009, and was sentenced on October 5, 2009, for violating 8 U.S.C. § 1326 for illegal re-entry after deportation, enhanced under subsection b(2) for having been deported subsequent to a conviction for an aggravated felony. The Court sentenced the Petitioner to 46 months imprisonment, with credit for time served, 3 years supervised release, and a $100.00 special assessment. (Doc. 46: Judgment and Commitment, entered 10/9/2009.)[1]

On October 14, 2009, Petitioner filed a direct appeal of this Court's 16-level enhancement, under U.S.S.G. § 2L1.2(b)(A)(I). Defendant contended the Court erred in determining his prior conviction under ARS § 13-3405 for transporting marijuana for sale was a drug-trafficking offense. The cause was heard on the transcript of record. The judgment of this Court was affirmed. (Doc. 62: Mandate, issued 11/19/2010.)

**B.     28 U.S.C. § 2255: Motion to Vacate or Correct Sentence**

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. A motion for such relief may be made at any time.

28 U.S.C. § 2255.

A district court shall summarily dismiss a § 2255 petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), Rules Governing § 2255 Actions. The district court need not hold an evidentiary hearing when the movant's

---

[1] Document numbers refer to the Clerk's Record in CR 08-888 TUC DCB.

2

allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

**C.      Government's Response: 28 U.S.C. § 2255**

The Government is correct that the Petitioner procedurally defaulted the claims he failed to raise before in this Court or on appeal.    Issues which could have been raised at trial or on direct appeal from a conviction, but were not raised, cannot be brought in a § 2255 proceeding unless the defendant can show cause for the procedural default and prejudice arising from the failure to raise those claims. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *McCleskey v. Zant*, 499 U.S. 467, 493-495 (1991); *Parks v. United States*, 832F.2d 1244, 1245-46 (11th Cir. 1987).  "[A] procedural default of even a constitutional issue will bar review under § 2255, unless the defendant can meet the 'cause and prejudice' test". *Campino v. United States*, 968 F.2d 187, 189-90 (2d Cir. 1992).  Where there is no showing of cause and prejudice pertaining to the failure to raise issues on direct appeal that are raised for the first time in a § 2255 motion, summary dismissal of those claims is warranted. See *Parks*, 832 F.2d at 1246; *Garland v. United States*, 837 F.2d 1563, 1565 n.4 (11th Cir. 1988).

"Cause" under the cause and prejudice test must be something that cannot be fairly attributed to the Petitioner, something external to the Petitioner. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) (emphasis in original).  Examples of external factors that constitute cause, include "interference by officials," or "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  If there is no showing of cause for the failure to raise the claims, the Court need not consider whether the petitioner was prejudiced by the procedural default. *Billy-Eko v. United States*, 8 F.3d 111, 114 (2d Cir. 1993).  To establish prejudice, a petitioner must demonstrate prejudice so substantial that it undermines the integrity of the entire proceeding. *Frady*, 456 U.S. at 170; *Campino*, 968 F.2d at 188-91.

Here, there is no allegation of cause and no prejudice exists because his claims are without merit as explained below. Accordingly, the Petition is procedurally barred as to claims 1-3, 5-6 and 8.

As noted above, Petitioner's claim that the Court improperly enhanced his sentence by 16 levels was rejected on direct appeal. The Arizona Court of Appeals affirmed this Court's finding that his prior conviction for transporting marijuana was a drug trafficking offense. The Court finds Petitioner's claims 4, 7 and to some extent claim 8 are repackaged sentencing and appellate arguments, which failed on direct appeal and may not be re-raised here. *See United States v. Redd*, 759 F.2d 699, 700-701 (9th Cir. 1985) (denying habeas petition where court of appeals already rejected arguments of double jeopardy and due process violations because conduct for enhancement was already punished conduct). They too are procedurally barred.

Like the prejudice prong of the procedural default test, Petitioner's ineffective assistance of counsel claim 6 is defeated by the lack of its merit. To establish ineffective assistance of counsel, Petitioner must show the attorney's performance fell below prevailing norms, which prejudiced the Petitioner. *Strickland v. Washington*, 466 U.S. 666, 687-88 (1984). Petitioner must establish both or the Court may dismiss the Petition. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1985).

The Court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, and must not second-guess counsel's decisions nor apply the twenty-twenty vision of hindsight. *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at this time." *Id.* (quoting *Strickland*, 466 U.S. at 689).

To show prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (Doc. 10:[2] Response at 11 (citing *Strickland*, 466 U.S. at 694). This test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Where a defendant pleads guilty, he can only complain of his lawyer's ineffectiveness in relation to how it affected the voluntariness of his plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (admitting to being guilty of the offense precludes independent claims, therefore, relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea); *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988).

To the extent the Petitioner's argument of ineffective assistance of counsel is that he was led to believe he was pleading guilty to a level 8 offense and not a 16-level enhancement, a guilty plea cannot be induced by a misrepresentation. *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). Before there may be a basis to withdraw from a plea, there must be a gross mischaracterization of the likely outcome. *Id.* An erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea, *id.*, *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994), and here the record reflects that at the time he pled guilty the Petitioner was well aware that the Government asserted his prior conviction was an aggravated felony and this Court advised him that the maximum statutory sentence could be up to 20 years. (TR at 5). As the Government notes in its Response to the Petition, the Defendant reserved this very issue for sentencing. (Response at 6.)

To the extent the Petitioner's argument of ineffective assistance of counsel relates to his assertion that his plea was not knowing, intelligent, nor voluntary, the Court's

---

[2]This document number refers to the record in CV 11-669 TUC DCB.

5

record establishes the contrary. Petitioner entered his plea before this Court. Given Petitioner's track record of being dissatisfied with defense counsel and his express objection to his prior conviction being considered an aggravated felony, this Court took great care to establish the plea was made intelligently, knowingly and voluntarily and that the plea was limited to the instant offense and the fact of the prior conviction.

The transcript of record provided by the Government in its Response to the Petition, reflects the plea was intelligent, knowing and voluntary. (Response at 4-5) (quoting the questions and answers pertaining to Petitioner's understanding of the plea and its consequences and his agreement to plead guilty); *see also* Transcript of Record (TR) at 10-18.)

The transcript of record provided by the Government in its Response to the Petition, reflects that the Petitioner pled guilty to the instant offense and the fact of the prior conviction, but retained his right to argue at sentencing and on appeal that his prior conviction did not meet the definition of a drug trafficking offense for a 16-level enhancement under U.S.S.G. 2L1.2(b)(A)(I). (Response at 5-6) (quoting TR at 20-21). Petitioner's arguments challenging his prior conviction as a drug trafficking offense were argued at sentencing and rejected by the Court, and argued on appeal and rejected on appeal.

**D. Conclusion**

The Court finds all the claims raised by the Petitioner are procedurally barred and his claims of ineffective assistance of counsel lack merit.

**Accordingly,**

**IT IS ORDERED** that Petitioner's "Motion to Vacate Sentence or Correct Sentence (Doc. 59)," pursuant to 28 U.S.C. § 2255, filed in CR 08-888 TUC DCB and (Doc. 1) filed in CV 11-669 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that Civil case number CV 11-669 TUC-DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 12th day of April, 2012.

David C. Bury
United States District Judge